

FILED

2:07 pm, 8/4/20

**Margaret Botkins
Clerk of Court**

Robert P. Schuster
Wyoming Bar No. 4-1137
Bradley L. Booke
Wyoming Bar No. 5-1676
Robert P. Schuster, P.C.
P.O. Box 13160
Jackson, Wyoming 83002
Telephone: 1.307.732.7800
bob@bobschuster.com
brad@bobschuster.com

Dallas J. Laird
Wyoming Bar No. 5-1194
536 South Center Street
Casper, Wyoming 82601
Telephone: 1.307.265.6352
dallaslaird@mac.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MARY A. BOWERS and JASON BOWERS, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| -vs- | ) Case No. 20-CV-147-ABJ ) |
| STEVEN L. BROWN, | ) ) ) |
| Defendant. | ) ) ) ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Mary and Jason Bowers, through counsel, for their causes of action against defendant allege as follows:

#### I.   PARTIES

1. Plaintiff Mary A. Bowers is a resident of Carbon County, Utah and is the wife of Jason Bowers.

2. Plaintiff Jason Bowers is a resident of Carbon County, Utah and the husband of Mary A. Bowers.

3. At all times relevant hereto, defendant Steven L. Brown has been a citizen of Natrona County, Wyoming, residing in Evansville, Wyoming.

## II. JURISDICTION

4. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) in that there is complete diversity of citizenship between the plaintiffs (who are citizens of the State of Utah) and the defendant (who is a citizen of the State of Wyoming).

5. The matter in controversy is a personal injury action and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in conformity with the provisions of 28 U.S.C. §1332(a).

6. This Court has personal jurisdiction over the defendant by virtue of the fact that the collision giving rise to this case occurred in Natrona County, Wyoming and the defendant was a resident of Natrona County, Wyoming at the time---and currently.

## III. VENUE

7. Venue of this action lies in this judicial district under 28 U.S.C. §1391(b)(2).

8. This case arises from a motor vehicle collision on January 3, 2018 at the intersection of Cole Creek Road and Chameleon Road---Natrona County, Wyoming.

## IV. FACTS

9. On January 3, 2018, at approximately 3:00 p.m., Mrs. Bowers was driving a 2003 Ford F-150 Super Crew truck north on Cole Creek Road in Natrona County, Wyoming.

10. At the same time, Steven L. Brown was driving a 2012 Dodge Ram 1500 in a westerly direction on Chameleon Road---driving toward the stop sign that controlled entry onto Cole Creek Road. Mr. Brown was driving too fast for existing conditions and slid through the intersection---crashing into Mrs. Bowers and proximately causing her injuries.

11. As a consequence of the negligence of Mr. Brown, Mrs. Bowers was seriously injured. She sustained injury to her shoulder, her ribs, and her head. Following the collision, she had a heart attack which delayed surgery on her shoulder. She continues to have significant pain and suffering and significant disability.

12. Mr. Bowers suffered injury in consequence of the loss of consortium with his wife, including the loss of care, comfort, advice, and society.

### V. FIRST CLAIM FOR RELIEF (MRS. BOWERS): NEGLIGENCE OF MR. BROWN

13. Plaintiffs hereby incorporate all statements and allegations contained in paragraphs 1 through 12 above as if fully set forth herein.

14. The misconduct of Mr. Brown violated Wyoming statutes.

15. Mr. Brown owed duties of care to Mrs. Bowers and those duties of care were breached by the negligent misconduct of Mr. Brown.

16. The injuries sustained by Mrs. Bowers were proximately caused by the negligent misconduct of Mr. Brown.

17. As a proximate and direct result of the negligent acts and omissions of Mr. Brown, Mrs. Bowers was injured and suffered damages as more specifically detailed in that section of this Complaint denominated as "Damages."

### VI. SECOND CLAIM FOR RELIEF (MR. BOWERS): CONSORTIUM CLAIM FOR THE NEGLIGENCE OF MR. BROWN

18. Plaintiffs hereby incorporate all statements and allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

19. The misconduct of Mr. Brown violated Wyoming statutes.

20. Mr. Brown owed duties of care to Mr. Bowers---inasmuch as he knew or reasonably should have anticipated that injuries inflicted on Mrs. Bowers would interfere with the marital relationship between Mr. and Mrs. Bowers.

21. Mr. Brown wrongfully interfered with the marital relationship between Mr. and Mrs. Bowers, depriving Mr. Bowers of his wife's society, companionship, services, and otherwise damaging and changing the marital relationship to which he was entitled.

22. Mr. Brown was negligent and breached the duties of care he owed to Mr. Bowers and Mrs. Bowers.

23. As a proximate and direct result of the negligent acts and omissions of Mr. Brown, Mr. Bowers was injured and suffered damages as more specifically detailed in that section of this Complaint denominated as "Damages."

## VII. DAMAGES

24. Plaintiffs hereby incorporate all statements and allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. As a direct and proximate result of the negligence and misconduct of the defendant, Mrs. Bowers sustained damage and is entitled to recover the following damages:

    a. Physical pain and suffering in an amount to be proven at trial.

    b. Emotional pain and suffering in an amount to be proven at trial.

    c. Loss of enjoyment of life in an amount to be proven at trial.

    d. Loss of earnings and earning capacity in an amount to be proven at trial.

    e. Medical and related expenses in an amount to be proven at trial.

    f. All other damages as allowed in an amount to be proven at trial.

26. As a direct and proximate result of Mr. Brown's negligent misconduct, Mr. Bowers has been damaged, including as follows:

   a. Past and future loss of society in an amount to be proven at trial.

   b. Past and future loss of companionship in an amount to be proven at trial.

   c. Past and future loss of services in an amount to be proven at trial.

   d. The value of Mr. Bowers services as have been required, and will be required in the future, to assist and care for his wife in consequence of the injuries inflicted on her by Mr. Brown---in an amount to be proven at trial.

   e. All other damages as allowed in an amount to be proven at trial.

WHEREFORE, Mr. and Mrs. Bowers respectfully pray that the Court enter judgment against Mr. Brown in an amount as supported by the allegations of this Complaint, together with interest and costs, and for such other and further relief as the Court deems just and equitable.

Dated: August 4, 2020.

By: /s/ Robert P. Schuster
Robert P. Schuster
Bradley L. Booke
ROBERT P. SCHUSTER, P.C.
250 Veronica Lane, Suite 204
P.O. Box 13160
Jackson, Wyoming 83002
Telephone: 1.307.732.7800
bob@bobschuster.com
brad@bobschuster.com

Dallas J. Laird
536 South Center Street
Casper, Wyoming 82601
1.307.265.6352 (Telephone)
1.307.237.1570 (Facsimile)
dallaslaird@mac.com
*Attorneys for Plaintiffs*

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand that all issues regarding all claims for relief above be tried by a jury.

Dated: August 4, 2020.

By: _____
Robert P. Schuster